UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**THE SHERWIN-WILLIAMS COMPANY,**

    Plaintiff,

v.

**TMZ. ENTERPRISES, INC. d/b/a PINTO AUTO BODY, INC. and DOMINIK ZAPPIA,**

    Defendants.

Case No.

Hon.

## COMPLAINT

Plaintiff, The Sherwin-Williams Company, d/b/a Sherwin-Williams Automotive Finishes ("Sherwin-Williams" or "Plaintiff"), for its Complaint against TMZ. Enterprises, Inc. d/b/a Pinto Auto Body ("TMZ. Enterprises" or "Pinto Auto Body"), and Dominik Zappia ("Zappia," collectively with TMZ. Enterprises referred to as "Defendants"), states as follows:

## PARTIES

1. Plaintiff is an Ohio citizen because it is an Ohio corporation with its principal place of business in Ohio. Plaintiff is engaged in the business of, *inter alia*, manufacturing and selling automotive paints, coatings, and related products.

2. Defendant TMZ. Enterprises is a New Jersey citizen because it is a New Jersey corporation with its principal place of business in New Jersey. TMZ. Enterprises is engaged in the business of, *inter alia*, painting and repairing automobiles.

3. Zappia is a New Jersey citizen because he is an individual domiciled in, and a citizen of the State of New Jersey.

**JURISDICTION AND VENUE**

4. This Court has diversity jurisdiction under 28 U.S.C. 1332(a)(1), because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the parties are completely diverse – Plaintiff is an Ohio corporation with its principal place of business in Ohio, while Defendants are New Jersey citizens.

5. Venue of this action in this Court is proper under 28 U.S.C. 1391(a)(1).

**FACTUAL ALLEGATIONS**

6. On or about July 7, 2014, TMZ. Enterprises entered into a supply agreement with Sherwin-Williams (the "Supply Agreement"). Pursuant to the Supply Agreement, TMZ. Enterprises agreed to purchase exclusively from Sherwin-Williams all of its requirements for all automotive paints, coatings, and related products (including all non-paint products used to refinish vehicles) used at its facilities from July 7, 2014 (the "Effective Date") until the date upon which Net Sales of SW Paints and Coatings, as those terms are defined by the Supply Agreement, equal Five Hundred Fifty-Four Thousand and 00/100 Dollars ($554,000.00) (the "Term"). (A copy of the Supply Agreement is not attached hereto as Defendants have a copy and the terms of which are expressly confidential and proprietary).

7. For and in consideration of the mutual covenants and promises stated in the Supply Agreement, Sherwin-Williams agreed, among other promises, to provide a prepaid discount to Defendant in the amount of Eighty-Five Thousand and 00/100 Dollars ($85,000.00) (the "Advance"). Plaintiff paid the Advance to TMZ. Enterprises.

8. On or about July 7, 2014, Defendant Zappia entered into a written guaranty, wherein he personally guaranteed payment and performance by TMZ. Enterprises under the Supply Agreement ("Guaranty"). (The Guaranty is attached hereto as Exhibit "A"). Pursuant to

the Guaranty, if TMZ. Enterprises failed to pay Sherwin-Williams the full amount due and payable under the Supply Agreement, then Zappia obligated to pay Sherwin-Williams the full amount.

9. From July 2014 to approximately July 2015, TMZ. Enterprises purchased automotive paints, coatings and related products pursuant to the Supply Agreement and never objected to the quality or delivery of the products, or any performance by Plaintiff.

10. Pursuant to the Supply Agreement, TMZ. Enterprises began purchasing its requirements for automotive paints, coatings, and related products from Plaintiff and never objected to the quality or delivery of the products, or any performance by Plaintiff.

11. In or about July 2015, TMZ. Enterprises ceased purchasing its requirements for automotive paints, coatings, and related products from Plaintiff, constituting a breach of the Supply Agreement, and additionally an Acceleration Event (as defined in the Supply Agreement) under Paragraph 4 of the Supply Agreement, necessitating immediate repayment of the Advance without notice or demand from Plaintiff.

12. On or about September 11, 2015, Plaintiff provided notice of breach to Defendants.

13. Defendants' breach of the Supply Agreement and Guaranty will continue to cause considerable financial harm to Sherwin-Williams in excess of the jurisdictional amount.

## COUNT I – Breach of Contract

14. Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1-13 of the Complaint.

15. As set forth above, TMZ. Enterprises owed contractual obligations to Sherwin-Williams pursuant to the Supply Agreement.

16. TMZ. Enterprises breached the Supply Agreement by, *inter alia*, failing to use exclusively and/or purchase all of its requirements for automotive paints, coatings, and related products exclusively from Plaintiff.

17. TMZ. Enterprises also breached the Supply Agreement by, *inter alia*, failing to repay the Advance when it failed to pay amounts due and owing under the Supply Agreement.

18. Plaintiff fully performed under the Supply Agreement, and all conditions precedent to the maintenance of this action have been satisfied.

19. As a direct and proximate result of the breach by TMZ. Enterprises, Plaintiff has suffered damages including, without limitation, lost profits set to be earned during the term of the Supply Agreement in an amount to be proved at trial.

## COUNT II – Breach of Contract

20. Sherwin-Williams incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 19 of the Complaint.

21. As set forth above, Zappia owed contractual obligations to Sherwin-Williams pursuant to the Guaranty.

22. Zappia materially breached the Guaranty by failing to pay Sherwin-Williams the amount due and owing under the Supply Agreement and Guaranty.

23. Sherwin-Williams fully performed under the Supply Agreement and Guaranty, and all conditions precedent to the maintenance of this action have been satisfied.

24. As a direct and proximate result of Zappia's breach of the Guaranty, Sherwin-Williams has suffered damages in an amount to be proved at trial.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant judgment in its favor and against Defendant in an amount to be proved at trial plus interest at the legal rate, attorneys' fees, costs of suit, and all other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated this 3rd day of December, 2015.

                                    Respectfully submitted,

                                    **Young Basile Hanlon & MacFarlane, PC**

                                    By: */s/ Adam D. Kline*
                                    Adam D. Kline (028002007)
                                    Jeffrey D. Wilson (*Pro Hac Vice to be filed*)
                                    3001 W. Big Beaver Road, Suite 624
                                    Troy, Michigan 48084
                                    Tel: (248) 649-3333
                                    Fax: (248) 649-3338
                                    kline@youngbasile.com
                                    wilson@youngbasile.com