<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE SHERWIN-WILLIAMS COMPANY, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 15-8409 (BRM)(LHG) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| TMZ ENTERPRISES, INC. d/b/a PINTO AUTO BODY, INC. and DOMINICK ZAPPIA, | : | |
| | : | |
| Defendants. | : | |

MARTINOTTI, DISTRICT JUDGE

Before this Court is Defendants TMZ Enterprises, Inc. d/b/a Pinto Auto Body, Inc. ("TMZ") and Dominick Zappia's (individually, "Zappia"; collectively with TMZ, "Defendants") Motion for Reconsideration and to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59 (ECF No. 64) seeking reconsideration of a September 18, 2017 Order and Opinion granting Plaintiff The Sherwin-Williams Company's ("Sherwin-Williams") Motion for Summary Judgment (ECF Nos. 60 and 61). Sherwin-Williams opposes the Motion. (ECF No. 66.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, Defendants' Motion for Reconsideration is **DENIED**.

1

I.      FACTUAL AND PROCEDURAL BACKGROUND[1]

Sherwin-Williams alleged Defendants breached a supply contract (the "Supply Agreement") in which TMZ agreed to purchase exclusively from Sherwin-Williams all of its requirements for all automotive paints, coatings, and related products from July 7, 2014, until TMZ had purchased $554,000.00 worth of supplies. (*Id.* at 2.) Pursuant to the agreement, Sherwin-Williams gave a prepaid discount of $85,000.00 (the "Advance") to TMZ on or about July 21, 2014. (*Id.*) The Supply Agreement included an acceleration clause, which provided TMZ would repay the Advance if: (1) TMZ failed to pay the amount owned under the agreement or breached the agreement in any way; (2) TMZ terminated the Supply Agreement before it reached the required amount of purchases; (3) TMZ ceased or substantially curtailed its operation; or (4) TMZ ceased purchasing from Sherwin-Williams. (*Id.*) On or around July 7, 2014, Zappia personally guaranteed TMZ's payment and performance under the Supply Agreement, including TMZ's obligation to repay the Advance. (*Id.* at 3.)

In or around July 2015, TMZ ceased purchasing its requirements for automotive paints and related products exclusively from Sherwin-Williams, though it had not yet purchased $554,000.00 worth of goods. (*Id.*) Per the terms of the Supply Agreement, TMZ's cessation of purchases triggered the acceleration clause. (*Id.*) Defendants believed they could terminate the Supply Agreement at any time by repaying the advance, but they did not repay the advance. (*Id.* at 3-4.) At the time TMZ terminated the Supply Agreement, it had purchased $54,861.00 worth of paints and coatings and $10,736.00 worth of associated products, meaning TMZ would have purchased an additional $499,139.00 worth of paints and coatings and an additional $97,674.00 worth of

---

[1] A more thorough account of the facts and procedural background is set forth in the Court's September 18, 2017 Opinion granting Summary Judgment. (ECF No. 60.)

associated products if it had completed the Supply Agreement. (*Id.* at 4) Sherwin-Williams calculates the profit on those lost sales would have totaled $473,831.54, inclusive of Defendants' obligation to return the $85,000.00 Advance. (*Id.*) In or around June 2015, TMZ entered into an exclusive supply agreement for automotive paints, coatings, and related products with Axalta Coating Systems, a direct competitor of Sherwin-Williams, which paid TMZ a cash advance of $110,000.00 to switch from Sherwin-Williams. (*Id.*)

On December 3, 2015, Sherwin-Williams filed the Complaint. (ECF No. 1.) On January 27, 2017, Sherwin-Williams filed the Motion for Summary Judgment. (ECF No. 44), which the Court granted and judgment was entered in Sherwin-Williams' favor in the amount of $473,831.54. (ECF Nos. 60, 61.) Defendants' filed this Motion for Reconsideration and to Alter or Amend Judgment. (ECF No. 64.)

## II.   LEGAL STANDARD

Whether brought pursuant to Local Civil Rule 7.1(i) or pursuant to Federal Rule of Civil Procedure 59(e), the scope of a motion for reconsideration is extremely limited and such motions should only be granted sparingly. *Delanoy v. Twp. Of Ocean*, No. 13-1555, 2015 WL 2235103, at *2 (D.N.J. May 12, 2015) (discussing Local Civil Rule 7.1(i)); see also *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (discussing Rule 59(e)). An order of the Court may be altered or amended pursuant to such a motion only where the moving party establishes one of the following grounds for relief: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Delanoy*, 2015 WL 2235106 at *2 (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); see also *Blystone*, 664 F.3d at 415 (applying same standard to Rule 59(e) motions). In the context of a reconsideration motion,

3

manifest injustice will generally arise only where "the Court overlooked some dispositive factual or legal matter that was presented to it," or committed a "direct, obvious, and observable" error. *See Brown v. Zickefoose*, Civil Action No. 11-3330, 2011 WL 5007829, at *2 n.3 (D.N.J. 2011). Reconsideration motions may not be used to relitigate old matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order. *Delanoy*, 2015 WL 2235106 at *2. As such, courts should grant a motion for reconsideration only where its prior decision "overlooked a factual or legal issue that may alter the disposition of the matter." *Id.*

## III.   DECISION

Defendants argue this Court committed two errors in its grant of Sherwin-Williams' Motion for Summary Judgment. (Ds.' Br. in Supp. of the Mot. for Recons. (ECF No. 64-1) at 1.) First, Defendants argue the Court applied an incorrect legal standard by disregarding TMZ's interrogatory answers, as well as the deposition testimony of Zappia and third-party witness, Edward Bernstein ("Bernstein"), and by concluding that the deposition testimony was conclusory because it was not supported by documentary evidence. (*Id.*) Second, Defendants argue the Court erred in holding, even if Sherwin-Williams breached the Supply Agreement, Defendants reinstated the Supply Agreement pursuant to Ohio law[2] by repeatedly accepting non-conforming goods. (*Id.*) The Court considers these arguments in turn.

### A.  Deposition Testimony of Zappia and Bernstein

Defendants contend the Court failed to consider the testimony of Zappia and Bernstein, who has worked as a painter for TMZ for at least fifteen years. (*Id.* at 5.) Defendants claim Zappia's and Bernstein's testimony supports Defendants' argument that Sherwin-Williams breached the

---

[2] The parties agreed Ohio law governed the Supply Agreement. (ECF No. 60 at 2.)

Supply Agreement by providing unsatisfactory paint that and led TMZ to have to repaint several cars. (*Id.* at 3-5.) Zappia and Bernstein testified they conveyed these complaints to Brian Penta, a Sherwin-Williams representative. Defendants argue the Court erred in failing to consider this testimony, because "the Third Circuit has plainly held that a single, non-conclusory affidavit or witness' testimony, when based on personal knowledge and director at a material issue, is sufficient to defeat summary judgment or judgment as a matter of law." (*Id.* at 7 (citing *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161-63 (3d Cir. 2009)).)

The Court considered and rejected Defendants' arguments in its Opinion granting Sherwin-Williams' Motion for Summary Judgment. (ECF No. 60 at 7.) The Court was guided by the Third Circuit's finding that "[u]nsupported assertions, conclusory allegations, or mere suspicions are insufficient to overcome a motion for summary judgment." (*Id.* at 8 (quoting *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 251 (3d. Cir. 2010) (citing *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989))).) The Court did not, as Defendants argue, base its ruling solely on the lack of documentary evidence for Defendants' claims about Sherwin-Williams' alleged provision of non-conforming goods. (*Id.*) The Court also pointed out Defendants' concession that they never sought to depose Penta. (*Id.* (citing *Celotex Corp.*, 477 U.S. at 324 (holding, once the party seeking summary judgment has met its burden of production, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."); *Lenherr v. Morey Org., Inc.*, 153 F. Supp. 3d 662, 665 (D.N.J. 2015) ("[The] nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.").)

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (quoting *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process. . . .") (citations omitted).

## B. Defendants' Reinstatement of the Supply Agreement

Defendants argue the Court erred in finding Defendants reinstated the Supply Agreement by repeatedly accepting non-conforming goods.[3] (ECF No. 64-1 at 10-11.) The Court cited Ohio Rev. Code Ann. § 1302.70(C), which provides "the aggrieved party reinstates the contract if he accepts a non-conforming installment without seasonably notifying of cancellation or if he brings an action with respect only to past installments or demands performance as to future installments." Defendants contend the Court ignored Ohio Rev. Code Ann. § 1302.70(B), which provides a buyer can reject a non-conforming installment only if the nonconformity (1) "substantially impairs the value of that installment" and (2) "cannot be cured." (*Id.* at 11.) Defendants argue "Zappia's testimony clearly shows that he was affording [Sherwin-Williams] an opportunity to cure" as

---

[3] The Court also notes its finding that Defendants reinstated the Supply Agreement was an alternate basis for its decision, because the Court earlier found "there is no material dispute of fact as to whether Sherwin-Williams breached the Supply Agreement by providing non-conforming goods." (ECF No. 60 at 9.)

required by Subsection (B). (*Id.*) Defendants argue Zappia's decision to sign a contract with Axalta Coating Systems and communication to Sherwin-Williams that he would not continue under the Supply Agreement complied with Ohio Rev. Code Ann. § 1302.70(C). (*Id.* at 11-12.)

Defendants rely on *Neufer v. Video Greetings, Inc.*, 931 F.2d 56 (6th Cir. 1991). (*Id.* at 12.) In *Neufer*, the Sixth Circuit, applying Ohio law, vacated the district court's holding that the recipient of goods under a supply agreement could not claim rescission after accepting two non-conforming shipments. 931 F.2d at 56. However, the Sixth Circuit pointed out the district court did not apply the appropriate section of Ohio's Uniform Commercial Code but instead applied Ohio Rev. Code Ann. § 1302.66, which does not apply to installment contracts. *Id.* The Sixth Circuit remanded with instructions to apply § 1302.70(C). *Id.*

Here, the Court applied the section of Ohio's Uniform Commercial Code that applies to installment contracts. (ECF No. 60 at 9.) Further, Defendants had an opportunity to account for their acceptance of non-conforming goods in their opposition to Sherwin-Williams' Motion for Summary Judgment. (*Id.* (finding Defendants "cannot account for the fact that TMZ used the products for a year without rejecting a single installment").) The Court also noted Defendants "admit there was an instance [early in the Supply Agreement term] in which they raised concerns about the products to Sherwin-Williams, which then replaced the products." (*Id.*) Defendants did not include a citation to Ohio's Uniform Commercial Code in their opposition to Sherwin-Williams' Motion for Summary Judgment (*see* ECF No. 48). Their reliance on § 1302.70 (B) and (C) in this Motion constitutes an argument that could have been raised in opposition to the Motion for Summary Judgment. *See P. Schoenfeld Asset Mgmt.*, 161 F. Supp. 2d at 352 ("Reconsideration motions . . . , may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (citation omitted).

7

Therefore, Defendants' Motion for Reconsideration and to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59 (ECF No. 64) is **DENIED**.

**IV.    CONCLUSION**

For the reasons set forth above, Defendants' Motion for Reconsideration and to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59 (ECF No. 64) is **DENIED**. An appropriate Order will follow.


**Date: May 30, 2018**                                              */s/ Brian R. Martinotti*
                                                                    **HON. BRIAN R. MARTINOTTI**
                                                                    **UNITED STATES DISTRICT JUDGE**